UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CHARLES JAMES BILLINGSLEY, JR.,

        Defendant.
_____/

NO. 2:02-CR-0222 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Charles James Billingsley's ("Billingsley" or "defendant") motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Plaintiff United States of America ("the government") opposes the motion. For the reasons set forth below, defendant's motion is DENIED.

On September 11, 2003, defendant entered into a plea agreement with the government, pursuant to which defendant agreed to plead guilty to (1) Count III: possession of a firearm during drug trafficking offense in violation of 18 U.S.C. § 924(c); and (2) Count VI: possession of equipment used to manufacture a

1  controlled substance in violation of 21 U.S.C. § 843(a)(6).  The
2  agreement set forth that its purpose and intent "is to provide
3  for a guideline on Count VI of ten years in prison . . . and a
4  guideline on Count III of five years in prison . . . resulting in
5  a total sentence of 15 years in prison." (Plea Agreement, Ex. 2
6  to Govt.'s Response, filed Mar. 30, 2011, at 3.)  However, the
7  agreement expressly acknowledged that "the Court may in its
8  discretion impose any sentence it deems appropriate up to and
9  including the statutory maximum stated in this Plea Agreement."
10 (Id. at 2.)  The statutory maximum for Count VI was set forth as
11 ten years in prison; the statutory maximum for Count III was set
12 forth as life in prison.  (Id. at 5.)  The plea agreement also
13 provided that defendant waived "all rights to appeal this plea
14 and sentence and to attack collaterally this plea and sentence
15 whether by way of a motion pursuant to 28 U.S.C. § 2255 or
16 otherwise, so long as the defendant's sentence does not exceed
17 fifteen years in prison."  (Id. at 7.)  On December 15, 2003,
18 defendant was sentenced to 120 months as to Count VI and 60
19 months as to Count III to run consecutively for a total term of
20 180 months – 15 years.
21     As an initial matter, defendant waived his right to bring
22 this motion as part of his plea agreement.  His plea agreement
23 expressly waived any right to collaterally attack his plea and
24 sentence so long as the sentence imposed did not exceed fifteen
25 years.  Defendant was sentenced to fifteen years imprisonment,
26 ten years on Count VI and five years on Count III, as expressly
27 contemplated by the plea agreement.  Accordingly, defendant's
28 motion is foreclosed by the applicable waiver provisions of the

2

plea agreement.  See United States v. Abarca, 985 F.2d 1012 (9th Cir. 1993.)

Nevertheless, even if the court were to consider the merits of the motion, defendant fails to set forth viable grounds for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).  18 U.S.C. § 3582(c)(2) provides that "[t]he court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment."  U.S.S.G. § 1B1.10 provides that a defendant who is serving a term of imprisonment and whose Guideline Range has been lowered as a result of one or more of the Amendments to the Guideline Manual listed in § 1B1.10(c), may have his sentence reduced pursuant to § 3582(c). Section 1B1.10(c) lists the "Covered Amendments," those amendments with retroactive application that may form the basis of a motion for reduction of sentence under 18 U.S.C. § 3582(c).

Defendant bases his motion on Amendment 741 to the Sentencing Guidelines, effective November 1, 2010, which adjusts the framework for imposing sentences.  Specifically, Amendment 741 requires a three step approach to sentencing: (1) the determination of the correct Guideline Application; (2) the determination of whether any departures are warranted; and (3) the application of sentencing factors set forth in 18 U.S.C. § 3553(a) to the Guideline Sentence.  Importantly, however, Amendment 741 does not alter the Offense Level of any Guideline under which the defendant was sentenced.  Further, Amendment 741

3

1  is not listed as one of the "Covered Amendments" that can be used
2  to reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).  See
3  U.S.S.G. § 1B1.10(a)(2) (providing that a reduction in the
4  defendant's term of imprisonment may not be made if none of the
5  amendments listed in subsection (c) is applicable to the
6  defendant).  Therefore, because 18 U.S.C. § 3582(c) specifically
7  provides that the court "may not modify a term of imprisonment
8  once imposed" with the exception of very limited circumstances,
9  and because the defendant's motion does not meet those limited
10 circumstances, defendant's motion for reduction of sentence is
11 without merit.
12      Accordingly, defendant's motion for reduction of sentence is
13 DENIED.
14      IT IS SO ORDERED.
15 DATED: June 16, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE