PHILLIP A. TALBERT
Acting United States Attorney
RICHARD J. BENDE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHARLES JAMES BILLINGSLEY, JR.,<br><br>　　　　　　　Defendant. | CASE NO. 2:02-CR-0222 KJM<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF TERM OF SUPERVISED RELEASE |

　　　　The defendant's motion for early termination of his term of supervised release (TSR) period should be denied. He has served about one-third of the 60 month TSR term. The defendant's original presentence report (PSR) shows that he was engaged in very serious criminal conduct, to wit, cooking methamphetamine in his residence (where children were present and put at risk) and possessing a sawed off shotgun. Given the serious nature of his original offense and the threat to public safety implied, it would be inappropriate to terminate his TSR term early.

　　　　**I.　　Legal authority to modify a supervised release term.**

　　　　Pursuant to 18 U.S.C. § 3583(e) and after consideration of specified factors under 18 U.S.C. § 3553(a), "[t]he court may . . . terminate a term of supervised release . . . after the expiration of one year of supervised release" if the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

　　　　"[T]he language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.

2014). The Ninth Circuit has noted that the defendant "as the party receiving the benefit of early termination" bears the burden "to demonstrate that such a course of action is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *see also United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (Nguyen, J. dissenting) ("It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release.").

Factors to be considered in deciding the present motion are set out in 18 U.S.C. § 3583(e)):

1) Nature & circumstances of the offense and history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

2) Afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B).

3) Protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C).

4) To provide the defendant will needed educational or vocational training. . . . 18 U.S.C. § 3553(a)(2)(D).

5) Taking into account the types of sentences called for by the Guidelines. 18 U.S.C. § 3553(a)(4).

6) Considering any policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(5).

7) Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II. **The position of the Probation Office:**

The Probation Officer does not oppose the early termination petition but, in accordance with the District Probation Office's Policy, does not recommend it. The P.O. indicated that the defendant's adjustment on supervision has been satisfactory and feels that the defendant does not need further supervision. *See,* Email dated September 6, 2016 from P.O. Wendy Reyes to AUSA Richard Bender.

III. **The Government Opposes Defendant's Motion for Early Termination of TSR.**

The government opposes early termination of the defendant's TRS because of the serious nature of the offenses of conviction and the overriding need to protect the public. The defendant was convicted of possessing equipment used to manufacture methamphetamine and possession of a sawed off shotgun in furtherance of a drug trafficking offense. Although a violation of 18 U.S.C. § 924(c) is not categorically a crime of violence (since it can be violated by possession of a firearm in furtherance

of a drug trafficking offense), the Court should recognize that possession of an unregistered sawed off shotgun is also a violation of 26 U.S.C. § 5861 and is a crime of violence given the sheer nature of the firearm. *See, United States v. Hayes*, 7 F.3d 144 (9th Cir. 1993) (possession of unregistered sawed off shotgun is a crime of violence for purposes of career offender provisions of Sentencing Guidelines).

Moreover, during the sentencing proceedings of the defendant, the Sentencing Court (Honorable Frank C. Damrell, Jr.) made the following findings after an evidentiary hearing on the contested issue of whether the defendant's conduct created a substantial risk of harm to the life of a minor:

> 1. That the defendant had engaged in the manufacture of methamphetamine in the upstairs northeast bedrooms at his residence located at 337 S. Ash Street, Stockton, CA,
>
> 2. That the defendant had engaged in this activity over the course of several months prior to the execution of the search warrant at that residence on May 21, 2002 (based on the informant information as corroborated by the items found at the residence during the search of the residence),
>
> 3. That the defendant was making multi-ounce quantities of methamphetamine at a time (based on the amount of pseudoephedrine tablets, equipment and chemicals found at the residence, and the amount of methamphetamine found in the defendant's vehicle),
>
> 4. That the waste from the methamphetamine manufacturing had been poured down the upstairs bathroom sink and/or toilet,
>
> 5. That the defendant's clandestine methamphetamine laboratory was located in a residential area of the City of Stockton,
>
> 6. That the defendant, his wife, and four minor children (ages 8, 6, 4, and 1) lived at the residence during the time period that the methamphetamine manufacturing operation took place,
>
> 7. That on May 21, 2002, the defendant had toxic and flammable chemicals stored in the northeast bedroom or upstair bathroom including red phosphorus (which had previously been used in manufacturing methamphetamine), hydrochloric acid, and Coleman Fuel,
>
> 8. That the manufacture of methamphetamine as was done at the defendant's residence gave off toxic fumes which can cause injury if inhaled by persons in the house,

    9.    That the manufacture of methamphetamine as done at the defendant's residence created a substantial risk of fire or explosion."

Clerk's Docket 27. Based upon this, the Court found, by clear and convincing evidence, that the defendant's methamphetamine manufacturing had created a substantial risk of harm to the children in the household. In short, this was a serious case involving serious offense conduct resulting in a fifteen year prison sentence.

Applying the standards of Section 3553(e) to the present motion, results in following observations:

1. Early termination of TSR would undermine the seriousness of the offense and the criminal history of this defendant as set forth in the PSR.
2. Early termination of TSR would undermine the deterrent value of the sentence in this case both as to this defendant and as to the public in general,
3. Early termination of TSR would *not* further the goal of protection of the public given the history of this defendant and totality of the offense conduct,
4. Early termination of TSR would undermine both the determination of Congress (which decided that a TSR period of at least 5 years be imposed), and of the Sentencing Commission (which provides for a TSR period of 5 years).

While early termination of TSR may, or may not, further rehabilitation efforts concerning this particular defendant, that is just one of the multiple purposes of TSR. Ignoring the others does a disservice to the federal criminal justice system.

//
//
//
//
//
//

## I.     CONCLUSION

For all of the above reasons, the government respectfully submits that the defendant's motion for early termination of supervised release should be denied.

Dated: September 9, 2016

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ Richard J. Bender
RICHARD J. BENDER
Assistant United States Attorney

**Bender, Richard (USACAE)**

| | |
|---|---|
| **From:** | Wendy_Reyes |
| **Sent:** | Tuesday, September 06, 2016 3:46 PM |
| **To:** | Bender, Richard (USACAE) |
| **Subject:** | Re: Charles Billingsley |

Hi Rick - no problem...

Mr. Billingsley inquired about an Early Termination. Our district's policy is that we typically will not recommend it until they have completed approximately two-thirds of their TSR. Of course by statute, they are eligible after one year.

Mr. Billingsley's conduct in the instant offense was serious. He had a meth lab in a bedroom/bathroom in the house. He was living there with his wife and their 5 young children. A shotgun and a semi-automatic assault rifle were found in the bedroom. The guns were not loaded, however, there were loaded magazines and numerous rounds of ammunition in the bedroom. There was also a gun found in the middle console of his vehicle.

Prior record was minimal...misdemeanors for theft, resisting and driving on a suspended license. He did have a juvenile adjudication for Possession of Cocaine, and the offense conduct involved converting cocaine into rock cocaine. He was sentenced to 180 months BOP.

Mr. Billingsley was released on November 14, 2014, after serving over 12 years in prison. Mr. Billingsley has been living at the same residence since his release. He lives with the owner of the home, Nancy, and her adult son, who Mr. Billingsley grew up with. Mr. Billingsley has attended classes at Delta College full time since the beginning of supervision. More recently, Mr. Billingsley has been helping care for his grandchildren, including dropping them off at school, and picking them up. He is also going through the process of qualifying for gastric bypass surgery. He has issues with his back as well as other health issues, which are exacerbated by his weight problem.

Mr. Billingsley completed the RDAP - 500 hour drug program while in BOP. He was placed in the testing program at the beginning of supervision, which he completed with no issues. Mr. Billingsley has a prescription for Norco, due to his back problems. He takes them only as needed for pain. Mr. Billingsley is registered as a drug offender at his current address. He is not in need of counseling services. He does not owe any money. He has been in compliance with all terms and conditions of supervision.

Mr. Billingsley's adjustment on supervision has been satisfactory. He has stayed in good communication with me since his release. There have been no issues of noncompliance. Mr. Billingsley does not strike me as someone who is likely to reoffend at this point in his life. He is 45 years old, his prior record was minimal, he served a lengthy sentence, particularly for someone at age 32 who had never been in jail for more than 10 days. I had recently recommended he be transferred to our "low risk" caseload, which is supervised by clerical staff, which means he would not be seen in the field. I am not opposed to his early termination petition, except that it is earlier than we are willing to recommend early termination. TSR is about whether or not someone NEEDS to be supervised. It is not about punishment, nor is it about giving someone a break. The district's goals of supervision are to protect the community and to provide offenders an opportunity to make changes in their lives. At this point, I do not believe Mr. Billingsley poses a threat to community safety and it appears he has made changes in his lifestyle. It does not appear that Mr. Billingsley NEEDS to be supervised. And frankly, there are plenty of people who do.

Feel free to call me if you have any questions.

Thanks

*Attachment A*

1