UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES JAMES BILLINGSLEY, JR.,<br><br>Defendant. | No. 2:02-CR-0222 KJM<br><br><br><br>ORDER |

On August 23, 2016, Charles Billingsley, proceeding pro se, moved to terminate his supervised release, which began on November 11, 2014. Mot., ECF No. 82. The United States opposed the motion. Opp'n, ECF No. 84. The court held a hearing on December 21, 2016, at which Billingsley appeared pro se and Richard Bender appeared for the United States. The court GRANTED the motion from the bench at hearing. The following order explains the reasons for the court's ruling.

I.  BACKGROUND

Billingsley pled guilty on September 11, 2003, to one count of Possession of a Firearm During a Trafficking Offense, in violation of 18 U.S.C. § 924, and one count of Possession of Equipment Used to Manufacture a Controlled Substance, in violation of 21 U.S.C. § 843(a)(6). ECF No. 41. The court sentenced Billingsley on December 23, 2003, to a term of 180 months of imprisonment followed by 60 months of supervised release. *Id.* The court also

1

imposed a $200 special assessment and further recommended Billingsley participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program (RDAP). *Id.* at 2, 5.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e), the court may terminate a term of supervised release after the expiration of one year of supervised release if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "[T]he language of § 3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. Nonetheless, "[a] district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release." *Id.* It is the defendant's burden to demonstrate termination of supervised release is justified. *Weber*, 451 F.3d at 559 n.9 (citing *United States v. Weintraub*, 371 F.Supp.2d 164, 167 (D. Conn. 2005); *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005)).

In determining whether termination is warranted, the statute directs the court to consider several factors relevant to sentencing under 18 U.S.C. § 3553:

> 1.) the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1);
>
> 2.) the need for the sentence imposed--to afford adequate deterrence to criminal conduct . . . , 18 U.S.C. § 3553(a)(2)(B);
>
> 3.) the need for the sentence imposed to protect the public from further crimes of the defendant,18 U.S.C. § 3553(a)(2)(C);
>
> 4.) the need for the sentence imposed and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D);
>
> 5.) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . in effect on the date the defendant is sentenced . . ., 18 U.S.C. § 3553(a)(4);

2

> 6.) any pertinent policy statement . . . issued by the Sentencing Commission . . . in effect on the date the defendant is sentenced, 18 U.S.C. § 3553(a)(5);
>
> 7.) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); and
>
> 8.) the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7);

18 U.S.C. § 3583(e). In deciding whether to terminate a term of supervised release, the court is not instructed to consider 18 U.S.C. § 3553(a)(2)(A), which considers the need for the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3583(e).

III. DISCUSSION

In support of his motion, Billingsley asserted he has paid the required special assessment of $200, Mot. ¶ 9; he has received no infractions or violations of supervision since his release, *id.* ¶ 10; he has a "strong support structure" including friends and church family, *id.* ¶ 17; he is a current full-time student at San Joaquin Delta Community College, studying Sociology and Business, *id.* ¶ 18; he volunteers at his granddaughter's school, *id.* ¶ 19; and he successfully completed the 500-hour RDAP recommended by the court, *id.* ¶ 20. At hearing, Billingsley, who is no longer a young man, reported that he has started a transportation and hauling company, the company employs a secretary, and he has complied with all relevant small business laws pertaining to his company and its operation.

The United States did not dispute any of Billingsley's contentions. *See generally* Opp'n. It instead argued that termination of supervision is not warranted in light of the nature of the underlying offenses. First, the United States argued, the violation of 18 U.S.C. § 924(c), criminalizing possession of a firearm during a trafficking offense, should be construed as a crime of violence, as Billingsley was convicted of possessing an unregistered, sawed off shotgun. *Id.* at 2–3. Second, relying on the court's findings made in a pre-sentence evidentiary hearing, the United States pointed to the court's conclusion that Billingsley had "created a substantial risk of harm to the children of the household" in which drugs were manufactured. *Id.* at 3–4 (citing

Order, April 29, 2003, ECF No. 27). At hearing, the United States argued termination of supervised release would be premature where as here the burden of continued supervision was minimal.

The court notes that Billingsley's probation officer is not opposed to termination of his supervision. *See* E-mail dated September 6, 2016 ("Reyes E-mail"), ECF No. 84 at 6. The officer confirmed Billingsley has been compliant with the terms of his supervision. *Id.* She also believes Billingsley is not likely to reoffend and does not pose a threat to community safety. *Id.* In her e-mail and at hearing, the officer explained it is Probation Office policy to decline to recommend termination until the probationer has served two-thirds of his supervision period; because Billingsley had served just over two of his five years of supervised release at the time of hearing, Billingsley had not met that threshold to permit her recommendation. *Id.* Nonetheless, the officer signaled her support for Billingsley's motion. *Id.* ("TSR is about whether or not someone NEEDS to be supervised . . . . It does not appear that Mr. Billingsley NEEDS to be supervised. And frankly, there are plenty of people who do.").

Billingsley was not subject to a mandatory minimum period of supervised release. Although he originally was charged with distribution and manufacturing of methamphetamine and marijuana under 21 U.S.C. § 841(a)(1), a superseding indictment was filed and he pled guilty to possession of equipment used to manufacture a controlled substance under 21 U.S.C. § 843(a)(6). *See generally* Presentence Report. Only the original charge was subject to a mandatory minimum term of supervised release. *Compare* 21 U.S.C. § 841 *with* 21 U.S.C. § 843. Similarly, Billingsley's guilty plea to possession of a firearm during a trafficking offense under 18 U.S.C. § 924 carried no mandatory minimum period of supervised release. As a result, the court need not address whether it may terminate supervised release early where the statute of conviction requires a particular term of supervised release. *See, e.g.*, *United States v. Spinelle*, 41 F.3d 1056, 1057 (6th Cir. 1994) (finding district court maintained discretionary authority to shorten term of supervised release term required by 21 U.S.C. § 841); *United States v. Vargas*, 564 F.3d 618, 623 (2d Cir. 2009) (assuming without deciding district court maintained discretion after defendant completes one year of supervision); *see also United States v. Johnson*, 529 U.S.

53, 60 (2000) (emphasizing trial court's discretion under 18 U.S.C. § 3583(e) to terminate or modify supervision after defendant completes one year of supervised release). Billingsley has served more than one year of supervised release, and the court therefore has discretion to consider his motion under the statutory factors laid out above.

### 1.) The nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1)

As Billingsley acknowledged at hearing, he was convicted for a serious offense. According to the Presentence Report, over the span of four years leading to his arrest, several Drug Enforcement Agency Confidential Reliable Informants (CRIs) reported Billingsley's manufacture and sale of methamphetamine and cocaine base as well as his sale of firearms. Presentence Report ¶ 5. After a search warrant was executed at Billingsley's house in 2001, agents found various materials indicating a methamphetamine lab, two firearms and numerous rounds of ammunition, and a total of 105.30 grams of methamphetamine and 2.8 grams of marijuana. *Id.* ¶¶ 7, 9. The methamphetamine lab was operated in close proximity to a bedroom where four children slept. *Id.* ¶ 7. As noted, the court concluded after an evidentiary hearing that Billingsley had "created a substantial risk of harm to the lives of the minor children." Order April 29, 2003, ECF No. 27. Billingsley ultimately pled guilty to two counts, and he was sentenced to a total 180 months' imprisonment followed by 60 months' supervised release. Plea Agreement, ECF No. 36; Presentence Report ¶ 1; Judgment 2, ECF No. 41.

Billingsley's criminal history prior to this case was limited. In addition to one conviction as a juvenile, Billingsley was convicted of misdemeanor theft at age 29 and resisting arrest and driving with a suspended license at age 30. Presentence Report ¶¶ 23–33. His conviction for the crimes at issue here led to his first term of incarceration. *Id.* ¶ 58. Since his sentencing in this case in 2003, he has incurred no other charges or convictions. Since his release from federal prison in November 2014, Billingsley has been compliant with all the terms of his supervision. Reyes E-mail. This factor favors Billingsley's motion.

/////

/////

### 2.) The need for the sentence imposed--to afford adequate deterrence to criminal conduct . . . , 18 U.S.C. § 3553(a)(2)(B)

Billingsley was sentenced to 180 months of imprisonment and has completed approximately ten years in jail. Such a sentence afforded adequate specific deterrence, as Billingsley's words and actions demonstrate a commitment now to a life as law-abiding citizen. Such a sentence also affords adequate general deterrence, as the court's sentence was within the Guidelines' range. *See* Presentence Report at 14. This factor favors Billingsley's motion.

### 3.) The need for the sentence imposed to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C)

Since his release, Billingsley has been compliant with all the terms of his supervised release and Probation recently reassigned him to the "low risk" caseload. Reyes E-mail. At hearing, his probation officer confirmed Billingsley has continued to comply with the terms of his supervision since reassignment. Billingsley lives with a lifelong friend, with no children in the home, studies full-time at a local community college, and regularly helps care for his granddaughter. *Id.* These facts support early termination. *See, e.g.*, *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (finding early termination appropriate where, based on similar facts of recovery from addiction, reconciling with family, and consistent gainful employment, defendant's progress went "beyond full compliance with the terms of supervised release that is expected of a person" in defendant's position). The Probation Officer also believes Billingsley does not pose a threat to community safety and does not need to be supervised. *Id.* In the court's experience, a probation officer does not lightly give support or express non-opposition to early termination of supervision. Moreover, Probation Officers are instructed to consider many factors relevant to the determination regarding early termination. Guide to Judiciary Policy, Vol. 8E, § 380.10 (listing as relevant factors to the probation officer's determination "identifiable risk to the safety of any identifiable victim" and "identifiable risk to the public safety"). The court gives significant weight to the Probation Officer's conclusions. Although the United States points to the underlying offense to argue Billingsley was engaged in violent conduct that threatened the safety of his family, the offense conduct occurred nearly thirteen years ago. The

government provides no information to support the conclusion that Billingsley, having served his sentence and a period of supervision, continues to pose a risk to society. This factor favors Billingsley's motion. *See Etheridge*, 999 F. Supp. 2d at 194 (while recognizing seriousness of defendant's drug-related offense, finding early termination warranted based on probation officer's report of defendant's "remarkable" progress).

> 4.) <u>The need for the sentence imposed and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D)</u>

Billingsley completed the 500-hour RDAP recommended by the court at sentencing. He reports he is committed to maintaining a life of sobriety, Mot. ¶ 11, has taken and passed all drug tests since his release, *id.* ¶ 20, and volunteers at his church to counsel others struggling with addiction, *id.* ¶ 17. Billingsley has enrolled on his own as a full-time student since shortly after his release. He is studying Sociology and Business, expects to graduate in the near future, and has started a business of his own. *Id.* ¶ 18. Although he has some physical health issues, they do not appear to require continued supervision. Because Billingsley would not "benefit from further correctional treatment, vocational training, or medical care," *Etheridge*, 999 F. Supp. 2d at 199, this factor favors Billingsley's motion, *id.*

> 5.) <u>The kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . in effect on the date the defendant is sentenced . . ., 18 U.S.C. § 3553(a)(4)</u>

At the time he was sentenced, Billingsley faced a mandatory minimum 60 months for possession of a firearm during a trafficking offense and a statutory maximum of 120 months for possession of equipment used to manufacture a controlled substance. Presentence Report ¶ 52. The court sentenced Billingsley to 60 and 120 months, to be served consecutively, for a total of 180 months. Because these counts were subject to mandatory periods of imprisonment, the statutory sentences they covered fell outside of the relevant guideline range. *Id.*

On supervised release, Billingsley was subject to a statutory period of three to five years for his firearm-related offense and two to three years for the drug-related offense, to be

served concurrently. Presentence Report ¶ 54. The court imposed the maximum supervision period under the guidelines when it sentenced Billingsley to five years of supervised release. Terminating his supervision now, a little more than two years after his release, would result in a total term below the low end of the guidelines range of three years. This factor disfavors Billingsley's motion.

> 6.) <u>Any pertinent policy statement . . . issued by the Sentencing Commission . . . in effect on the date the defendant is sentenced, 18 U.S.C. § 3553(a)(5)</u>

The parties have not pointed the court to any pertinent policy statement in effect at the time of sentencing. This factor is neutral.

> 7.) <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6)</u>

At hearing, the United States argued that granting Billingsley's motion would lead to an increase in similar requests. In light of the fact-specific nature of the inquiry, however, the court finds this case to be rare if not unique and unlikely to trigger a wave of meritorious requests. Any disparity in Billingsley's supervision period is warranted in light of Billingsley's conduct since his conviction and more recently since his release. This factor favors Billingsley's motion.

> 8.) <u>The need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7)</u>

Billingsley does not owe restitution as there were no identifiable victims of his offenses. Presentence Report ¶ 10. This factor favors Billingsley's motion. *See Etheridge*, 999 F. Supp. 2d at 199 (early termination warranted where "[t]here is no need to provide restitution to any victims").

IV. <u>CONCLUSION</u>

Taking each of the relevant statutory factors into consideration, the court is satisfied that granting the motion is warranted by Billingsley's conduct and the interests of justice. This order confirms the court's granting of Billingsley's motion to terminate supervised release as ordered from the bench at hearing, with the termination of supervision effective December 21, 2016.

The bench order of December 21, 2016 resolved ECF No. 82, as confirmed here.

DATED: June 15, 2017.

_____
UNITED STATES DISTRICT JUDGE